J-S40022-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LOUIS BURTON | : | |
| | : | |
| Appellant | : | No. 335 EDA 2023 |

Appeal from the Judgment of Sentence Entered October 6, 2022
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0004219-2018

BEFORE:   NICHOLS, J., SULLIVAN, J., and COLINS, J.[*]

CONCURRING MEMORANDUM BY COLINS, J.:          **FILED JULY 17, 2024**

I fully agree with the learned majority's reasoning and disposition of Appellant's issues concerning the denial of his suppression motion, the verdict slip, the jury instructions, and his sentence.  I also agree with the majority that the testimony of witness Edward Mace describing the shots that he heard as "a small shot" and "a larger shot," N.T. Trial, 7/7/22, at 53, was properly admitted lay testimony and that his testimony concerning the caliber of the firearms that fired the shots was harmless error in light of the jury's verdict and is therefore not grounds for reversal.

I cannot, however, agree that Mace's testimony as to the caliber of firearms was lay, rather than expert, testimony.  Testimony is expert

_____

[*] Retired Senior Judge assigned to the Superior Court.

testimony when it is based on specialized knowledge beyond that of an average layperson.  Pa.R.E. 702(a) (expert must have "scientific, technical, or other specialized knowledge [that] is beyond that possessed by the average layperson"); Pa.R.E. 701(c) (testimony is admissible as lay opinion only if it is "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702").  Mace's testimony concerning the caliber of the firearms was based on his extensive experience with a variety of different firearms, which the Commonwealth brought out in its direct examination before asking him what caliber firearms would produce the shots that he heard.  N.T. Trial, 7/7/22, at 53-55.

The fact that Mace's expertise was based on extensive personal experience, rather than education or training, does not make it lay testimony.  An expert witness's specialized knowledge may be acquired solely by experience, rather than education or training.  Pa.R.E. 702 (an expert witness may be "qualified as an expert by knowledge, skill, **experience**, training, or education") (emphasis added); ***Commonwealth v. Jones***, 240 A.3d 881, 890 (Pa. 2020); ***Commonwealth v. Auker***, 681 A.2d 1305, 1317 (Pa. 1996).

I therefore concur in the result.

Judge Nichols Joins the concurring memorandum.